IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GAYLE MCCULLOUGH                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 4:12-cv-88-DPM

GLENN BURNEY
RICK HARBER, ERIC WEBB AND
BAXTER HEALTHCARE CORPORATION                                                DEFENDANTS

## AGREED PROTECTIVE ORDER

This lawsuit brought by Gayle McCullough asserts employment claims against her current employer, Baxter Healthcare Corporation ("Baxter"), and individual supervisors and managers. Through discovery, Plaintiff will have access to confidential information and documents about employment decisions related to both her and her co-workers, as well as other confidential and private information regarding co-workers and Baxter's business, manufacturing and employment practices, processes and policies. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties agree to this protective order as follows:

1. This Agreed Protective Order ("Order") shall govern all confidential information, documents and things, (hereafter collectively referred to as "Confidential Information and Documents") produced to Plaintiff by Baxter. "Confidential Information and Documents" includes, by way of example, information and documents regarding Baxter's business, manufacturing and employment practices, processes and policies, and private information regarding personnel and employment decisions related to personnel.

2. "Confidential Information and Documents" and any copies thereof, and notes made therefrom, shall be disclosed only to "Qualified Persons," and shall be used only for the purposes of this lawsuit. Qualified Persons are limited to:

  a.  counsel of record for the parties;

  b.  the paralegals and clerical staff employed by counsel of record for the preparation of and trial of this action;

  c.  the plaintiff and management employees as deemed appropriate by the defendant;

  d.  expert witnesses; and

  e.  the Court.

  3.  Should counsel for the Plaintiff desire to provide Confidential Information and Documents to anyone in addition to Qualified Persons, as defined in Paragraph 2 above ("additional persons"), then, in that event, counsel for plaintiff shall obtain written consent from counsel for Defendant or file a motion with the Court seeking a modification of this Order.

  4.  When any Confidential Information is embodied in any document which is ultimately filed with this Court, it shall be designated as "Confidential", and the party filing the Confidential Information shall redact the confidential information in accordance with FRCP 5.2 or, if redaction is impractical, file it under seal.

  5.  Counsel agree that prior to the pre-trial conference, counsel will identify for opposing counsel Confidential Information and Documents which may be offered as exhibits at trial. Counsel agree that any objections to the introduction of Confidential Information and Documents will be raised during the pre-trial process and that the parties will offer Confidential Information or Documents in accordance with the Court's ruling.

  6.  Upon final termination of this action, Confidential Information and Documents, including each copy thereof, and each document and copy thereof which incorporates, in whole or in part, any information designated as confidential, including, but not limited to, notes or

summaries concerning or pertaining to such Confidential Information and Documents shall be returned to counsel for Baxter.

7. The restrictions contained herein with respect to the communications and disclosure to others of Confidential Information and Documents shall continue in full force and effect while this action is pending and following the conclusion of this case, and shall be duly binding upon each receiving party, its counsel, employees, and experts.

8. Documents deemed confidential shall be marked "Confidential" or Bates-stamped with a designation of "C" preceding the Bates number so as to clearly indicate their status as Confidential Information and Documents. Deposition testimony regarding employees who are not parties to this action and regarding documents deemed "Confidential" under this Order will be deemed Confidential Information and Documents, subject to the terms of this Order.

9. Entry of this Order does not waive either party's right to object to any discovery request or deposition inquiry.

SO ORDERED, this 1st day of March, 2013.

*DPMarshall Jr.*
UNITED STATES DISTRICT JUDGE

Approved:

*/s/ James Scurlock*
JAMES SCURLOCK, ESQ.
ATTORNEY FOR PLAINTIFF

*/s/ Ellen Owens Smith*
ELLEN OWENS SMITH, ESQ.
PAULA GRAVES ARDELEAN, ESQ.

ATTORNEYS FOR DEFENDANTS

ButlerSnow 14228676v2